# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
SCOTT C. DORMAN, BAR NO. 13108.

No. 76156

FILED

OCT 18 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING RECIPROCAL DISCIPLINE AND SUSPENDING ATTORNEY

This is a petition for reciprocal discipline of attorney Scott C. Dorman pursuant to SCR 114. Dorman has been disbarred from the practice of law in North Carolina. He did not self-report the disbarment to the Nevada State Bar, but he has filed an opposition to the petition.

Dorman's North Carolina misconduct arises from his representation of two clients. He failed to file pleadings in a divorce action or withdraw from the action, and after having remarried, the client discovered eight years later that he was never divorced. Dorman also accepted fees, court costs, and traffic fines from a client, but then he failed to deposit the amount received from the client in his trust account, appear on the client's behalf at a hearing, pay the client's court costs and fine, return the client's calls after the client was forced to pay the costs and fine himself, or refund the client's money.

Having considered the petition for reciprocal discipline and Dorman's opposition, we conclude that discipline is warranted, but that "the misconduct established warrants substantially different discipline in this

18-41141

state," SCR 114(4)(c), and thus deny the petition for reciprocal discipline.[1] In particular, we conclude that disbarment is not warranted because disbarment in Nevada is not equivalent to the disbarment imposed on Dorman in North Carolina, as disbarment in Nevada is irrevocable while in North Carolina an attorney may seek reinstatement after five years. *Compare* SCR 102(1) *with* 27 NCAC 01B.0129 of North Carolina's State Bar Discipline & Disability Rules. Thus, we conclude that a five-year suspension is more appropriate than disbarment.

Accordingly, we deny the petition for reciprocal discipline, but suspend Scott C. Dorman from the practice of law in Nevada for five years from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                        Gibbons

_____, J.          _____, J.
Pickering                     Hardesty

_____, J.          _____, J.
Parraguirre                   Stiglich

---

[1]While Dorman argues that the proceeding in North Carolina violated his due process rights, we conclude that the North Carolina proceeding was not "so lacking in notice or opportunity to be heard as to constitute a deprivation of due process." SCR 114(4)(a).

cc: Bar Counsel, State Bar of Nevada
Scott C. Dorman
Executive Director, State Bar of Nevada
Admissions Office, United States Supreme Court

